Shaw C. J.
drew up the opinion of the Court. This is a petition for a writ of mandamus to the county commissioners of this county, requiring them to issue a new warrant for empannelling a jury, upon the grounds and for the reasons set forth in the petition.
This question turns upon the construction of the 12th section of the Stat. 1827, c. 77, providing for the appointment and regulating the powers and duties of county commissioners. The facts appearing upon the record are, that the commissioners, upon the application of the town of Mendon, and in pursu *245 anee of the provisions of the statute, issued a warrant to the coroner, requiring him to summon and empannel a jury, to determine the final location of the highway in question, and that the officer empannelled a jury accordingly, who, after being together many hours, and finding that there was no probability that they could agree upon a verdict, certified that fact to the Court of Common Pleas, who thereupon remitted the proceedings to the county commissioners. The commissioners, believing that they had no authority under the statute to issue a second warrant, refused to do so, whereupon this petition was filed in this Court, and the question is, whether, in that state of the proceedings, they had the power to issue another warrant.
It is quite manifest that it was the intent of the legislature, in the act under consideration, to give to the party aggrieved a trial by jury. This is manifest as well from the terms of the act itself, as from a very long series of legislative provisions upon the same subject, from the earliest times. And it is observable, that in its terms, the statute rather recognizes and regulates' the right of trial by jury, than confers it. It commences by negative words, providing (§ 12) that no petition for a jury shall be sustained, unless, &c. and proceeds to regulate the proceedings. Considering that by the terms of the statute, construed in reference to the previous legislative provisions upon the same subject, and to the 15th article in the declaration of rights, we think it a reasonable construction of the statute that such trial was to be effectual, to which end it must result in a verdict, upon which the further proceedings contemplated by the statute should be-based. It is incident to a trial by jury, that the jury may disagree, in which case, by analogy to all other cases of jury trial, the proceeding is nugatory and a new trial must be had. The statute enacts, that the verdict shall be agreed upon within three months. This we think must be taken in relation to the subject matter ; it cannot be imperative, and must therefore be understood to provide, that no longer time than three months shall be allowed for that purpose, in which time, if no verdict is agreed upon, their powers are at an end. It is true that the statute makes no provision in terms, for a second jury, where the first have disagreed ; but provision is made for a very analogous case. The *246 verdict is to be returned to the Court of Common Pleas, who are to adjudicate upon it, and may set it aside, in which case they are to certify the proceedings to the county commissioners, who shall on application therefor order a new jury. The cases where the jury have found no verdict, and where they have in form agreed upon a verdict, but where the proceeding in court has shown, that though in form a verdict, the same, for some good cause, is set aside and thereby rendered wholly void, though not identical are closely analogous.
That the statute cannot have a literal construction, consistently with the intention of the legislature, we think is quite manifest. It has been argued, that if no verdict is agreed upon within three months, then the adjudication of the commissioners is to stand, unaffected by the claim for a jury. We think that a contrary conclusion might with equal reason be drawn from a literal construction of the statute. In the section already quoted it is provided, that whenever the commissioners shall order a jury, the way so laid out or altered shall not be opened or worked, and the way so discontinued shall not be closed up, until after the meeting at which a certified copy of the verdict of such jury shall be returnable. This manifestly implies that such verdict is to be the basis of their future proceedings, for no such verdict can be returnable until an actual verdict is had. But we think the statute must have a reasonable construction, with reference to the obvious purposes intended to be accomplished, the known rights intended to be secured, a just regard to other and previous legislative enactments for which the present act was intended as a substitute, and analogy to other similar cases ; and that when the measure contemplated has proved fruitless and unavailing, it is to be treated as a nullity, and a new jury must be ordered. This we think a just and necessary implication from the provisions of the act. The statute, by authorizing a trial by jury, necessarily refers to the known rules and principles which govern that mode of trial. There is nothing in the act which requires the jury to be unanimous ; and yet it would not probably be contended, that any decision of a jury, other than a unanimous one, would satisfy the requirements of the act, such being one of the known incidents of a jury trial. It has been contended that the officer *247 might have discharged the jury and empannelled another; but we see no ground upon which such an exercise of authority on his part could have been justified.
It is said that the Court of Common Pleas should have issued a new warrant. But we think the authority conferred on that court a limited one, that of adjudicating upon the validity and correctness of the verdict, and certifying it with the result to the commissioners.
Perhaps where no verdict was in fact agreed upon, it might have been more regular for the officer to make his return to the county commissioners, from whom his warrant issued. But of this we give no opinion. We think it did sufficiently appear to the commissioners that no verdict had been given, and therefore that they had authority to order a new jury. That the authority and duty to issue such warrant devolved upon them, is, we think, fairly to be inferred from the consideration, that in ■ the cases particularly provided for, where a jury is to be ordered, as upon an original application for a jury, and where a verdict is set aside by the Common Pleas, the warrant is to be issued by them ; and also because in most respects they are substituted in place of the court of sessions, who exercised extensive judicial and ministerial powers, and by whom all similar warrants under former statutes, in pari materia, were issued.
On the whole, the Court are of opinion, that the statute intended to secure, to parties situated in the condition of the petitioners, the right of a trial by jury, that such trial necessarily implies an effectual trial resulting in a verdict, that a hearing before a jury empannelled for the purpose, but who cannot agree in a verdict, is not such trial, that a power must necessarily rest somewhere, to order a new hearing in such case, that by reasonable construction of the statute, and analogy to other cases, such power is vested in county commissioners, and that as they declined to exercise it, in a case where the petitioners were entitled to the benefit of it, the writ of mandamus ought to issue as prayed for.[1] Mandamus awarded.

 The event of a disagreement of the jury under the circumstances of the above case, is now provided for by Revised Stat. c. 24, § 35, 36. See Anthony v. County Comm. of Berkshire, 14 Pick. 189.